## A11A0157. BADGER v. THE STATE.
(712 SE2d 582)

DOYLE, Judge.

Following a jury trial, Earnie Bernard Badger was convicted of aggravated assault,[1] possession of a firearm during the commission of a crime,[2] and possession of a firearm by a convicted felon,[3] and the trial court sentenced him to 20 years, to serve the first 12 in confinement. Badger appeals the denial of his motion for new trial, arguing that he received ineffective assistance of counsel because trial counsel failed to communicate a plea offer, which he would have accepted. We affirm, for reasons that follow.

The record shows that on November 20, 2004, Michael Nelms, Jr., was involved in a fight with Michael Colbert at an apartment complex. Nelms left the complex, but returned later that day and was involved in a second altercation with several individuals, including Badger. During the fight, Nelms was shot in the back and sustained serious injuries.

Kernisha Faust, who observed the altercation, testified at trial that she saw Bobby Martin leave the fight, announcing that he was going to get a gun. Martin went to his car, retrieved something, and put it in his pants. Faust then saw Martin and Badger flee and saw Martin hand Badger a gun and tell Badger to "shoot him." Less than a minute later, Faust heard a gunshot. Nelms testified, however, that he did not know who shot him, and other witnesses testified that they did not see Badger at the scene or that Badger was present but

---

[1] OCGA § 16-5-21 (a) (2).
[2] OCGA § 16-11-106 (b) (1).
[3] OCGA § 16-11-131 (b).

not involved in the altercation. According to the responding officer, there were 30 to 40 people present when police arrived on the scene.

Following a bifurcated trial, Badger was convicted of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The trial court sentenced him to 20 years, to serve the first 12 in confinement, and ordered that Badger, along with his co-defendant (Martin), pay $36,102.38 in restitution to Nelms. Badger filed a motion for new trial, arguing, inter alia, that his trial counsel was ineffective because he failed to communicate a plea offer from the State.

At the hearing on Badger's motion for new trial, trial counsel testified that after reviewing the discovery in the case and interviewing witnesses, counsel had a "strong belief that there were some falsifications going on by the policeman who interviewed" a particular witness. Trial counsel discussed the evidence with Badger, who consistently insisted that he was not guilty. Approximately one week before trial, the State made a verbal offer of five years. Trial counsel testified that although he could not "really recall a hundred percent," he "[did not] believe" that he told Badger about the State's offer.[4] Counsel explained his failure to do so as follows:

> [Badger] had strongly told me he would not, under any circumstances, consider pleading guilty. He *was not guilty and would not under any circumstances consider a guilty plea*. And five years is a long time for something he did not do. And I felt like — I agreed — *I felt like that the evidence was certainly so weak that we had a viable chance of winning[,] and I told him that*. And I said, you always have a chance of losing, but under no circumstances would he consider a plea bargain. He had told me that early on and continued to tell me that. That five years, I felt like, was just something [the prosecutor] was throwing out there to try to distract me actually because I already — we had already had long discussions about what to do in the case[,] and *there was never, ever, any hesitation on Mr. Badger's part that he would not take a plea bargain. . . .* [I]f I had a case where I felt like there was a good chance we were going to lose, I'd have been begging him to take it probably. . . . Because of the situation that he was in with a firearm being used, but all the evidence was so contradictory that I agreed with him that he should not have pled guilty. But as far as commu-

---

[4] Trial counsel also testified that "[i]f Badger says I didn't [communicate the offer], I probably didn't."

nicating the offer, I mean we talked all the time about resolution of the case[,] and any specific resolution would have been unacceptable to him, and he had communicated that to me. . . . *[I]f there was a legitimate strong offer out there[, i]t was irrelevant. Mr. Badger was not going to take any plea offer.*[5]

Badger also testified at the motion for new trial hearing, stating that he never told trial counsel that he was unwilling to enter a plea. In January 2005, several months before the June 27, 2005 trial, Badger was adjudicated guilty of violating his probation, and the trial court sentenced him to serve five years on the remaining six-and-a-half year probation term he was serving at that time. Badger's application for discretionary appeal of his probation revocation was denied several months before the trial. Prior to trial, Badger decided that it might be in his best interest to plead guilty to the instant case, and he so informed trial counsel. According to Badger, trial counsel did not communicate the State's offer to him before the trial, and Badger was not aware of the offer until sentencing, at which time trial counsel told him that "he should have told [Badger] about a plea instead of taking it to trial." Badger testified at the hearing that "[t]here was not a doubt in [his] mind" that he would have accepted the State's offer if it had been communicated to him.

After the hearing, the trial court denied Badger's motion for new trial, rejecting Badger's argument that he received ineffective assistance of counsel.[6] In the order, the trial court found that "trial counsel's performance in failing to timely communicate the offer to [Badger] was not reasonable and fell below objective professional standards."[7] The trial court also concluded, however, "after considering the inferences, evaluating the testimony, and exercising its discretion," there was not "a reasonable probability that [Badger] would have accepted the offer of a five-year confinement sentence or a similar offer involving confinement."

In *Lloyd v. State*,[8] the Supreme Court of Georgia recognized

that the Sixth Amendment guarantees a criminal defendant's right to competent counsel performing to the standards of the legal profession in deciding whether or not to

---

[5] (Emphasis supplied.)

[6] This is the only issue on appeal.

[7] The State does not challenge this finding on appeal.

[8] 258 Ga. 645 (373 SE2d 1) (1988).

plead guilty. . . . The plea bargaining process is a critical stage of criminal proceedings where an attorney's involvement is crucial. . . .[9]

In general, to prevail on a claim that trial counsel was ineffective, a defendant

must demonstrate both that trial counsel's performance was unprofessional, and that but for counsel's errors, the outcome of the proceedings would have been different. Where, as here, the defendant demonstrates that counsel's representation in the plea process fell below an objective standard of reasonableness, the inquiry turns to whether the defendant has demonstrated the required prejudice.[10]

In such a case, "the proper question at the prejudice step is whether [the defendant] demonstrated that, but for counsel's deficient performance, there is a reasonable probability that he would have accepted the State's plea offer."[11] In reviewing a trial court's decision regarding a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[12]

Here, the trial court clearly considered the evidence in this case, including trial counsel's testimony that (a) Badger unequivocally stated that he would not accept any plea offer from the State, and (b) the evidence was weak, and did not find Badger's after-the-fact testimony that he would have accepted the plea offer credible.

We find no error in the trial court's decision to reject [Badger's] version of the facts and credit instead the testimony of his counsel. Accordingly, we conclude that [Badger] has not carried his burden of proving that there was a reasonable probability that, but for his trial counsel's deficient performance, he would have accepted the [S]tate's plea offer.[13]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

---

[9] *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009).

[10] (Punctuation and footnotes omitted.) Id. at 144-145, citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[11] *Cleveland*, 285 Ga. at 145.

[12] (Punctuation omitted.) *Hughes v. State*, 289 Ga. 98, 100 (3) (709 SE2d 764) (2011). See also *Cleveland*, 285 Ga. at 146.

[13] (Footnote omitted.) *Chatman v. State*, 306 Ga. App. 218, 222 (a) (702 SE2d 51) (2010).

DECIDED JUNE 20, 2011.

*Daniels & Rothman, Jeffery A. Rothman*, for appellant.
*Kenneth W. Mauldin, District Attorney, C. Rebecca Smith, Assistant District Attorney*, for appellee.