**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 20, 2015**

# In the Court of Appeals of Georgia

A14A1667. THE STATE v. LEXIE.

MᴄMɪʟʟɪᴀɴ, Judge.

After a jury convicted Raynard Lexie of aggravated sodomy, armed robbery, kidnapping, burglary, and three counts of aggravated assault, he was sentenced to a mandatory life term, with 25 years to serve.[1] However, the trial court subsequently granted Lexie's motion for new trial on the ground that he received ineffective

---

[1] A life sentence is one of two options for sentencing mandated by OCGA § 16-6-2 (b) (2), which provides that a person convicted of aggravated sodomy "shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, following probation for life."

assistance of counsel during the plea process.[2] The State now appeals that ruling, and we affirm for the reasons set forth below.

It is well settled that the analysis of whether a defendant has received constitutionally ineffective assistance of counsel presents a mixed question of law and fact. *Hulett v. State*, 296 Ga. 49, 60 (5) (766 SE2d 1) (2014). See also *Barrett v. State*, 292 Ga. 160, 167 (3) (733 SE2d 304) (2012). And

> [w]hen reviewing a trial court's decision to grant a motion for new trial based on ineffective assistance of counsel, we defer to the trial court's findings of fact unless clearly erroneous, but owe no such deference to its conclusions of law which we apply independently to the facts.

*State v. Sims*, __ Ga. __ (2) (Case No. S14A1657, decided Feb. 2, 2015).

Lexie was arrested on September 21, 2012, but he consistently maintained that he was innocent and that the victim had wrongfully identified him.[3] On or about November 7, 2012, an assistant public defender ("Counsel") entered an appearance on his behalf, and that representation continued throughout the pre-trial proceedings

---

[2] The trial court found, however, that Lexie's counsel did not provide ineffective assistance at trial, and the court denied Lexie's motion for new trial on that and the other grounds asserted. Lexie did not file a cross-appeal from the trial court's order, and thus those issues are not before us.

[3] The physical evidence collected from the scene was never matched to Lexie.

2

and at trial. On March 14, 2013, at 9:37 a.m., the State e-mailed Counsel a plea offer for credit for time served and twelve years of first-offender probation, in exchange for Lexie's plea to two counts of aggravated assault, with the State agreeing to nolle prosse the remaining charges. Without contacting Lexie about the offer, Counsel responded to that e-mail five minutes later, indicating that there would be no plea in the case. Although Counsel did not relay the specific offer to Lexie, he testified that Lexie and he previously had discussed the issue and Counsel had advised against accepting a plea offer. Lexie had indicated in that conversation that he was going to follow his counsel's advice.

On April 1, 2013, the trial court held a hearing to put the plea offer on the record. At the hearing, the State announced that it had offered Lexie a twelve-year sentence, with credit for time served and the balance to be served on probation in exchange for a plea on two counts of aggravated assault with a deadly weapon. Lexie told the trial court that he had not made a decision about whether to take the offer, and the court allowed Counsel and Lexie to confer off the record. During that conference, Lexie told Counsel he wanted to accept the offer, but Counsel talked him out of it because he believed that Lexie was innocent. Counsel told Lexie that they had a very good chance to win and to get the matter expunged from his record. Lexie

3

rejected the plea offer based solely on Counsel's advice, and Counsel said that Lexie made that decision only after Counsel "twisted his arm."

Subsequently, Counsel received a letter from Lexie, dated the same day as the hearing, stating that he wanted to accept the State's offer if it was still open. Counsel once again strongly advised against it, and although Lexie continued to resist this advice, Counsel "pressured" Lexie to reject the offer. He told Lexie that he had the best case he had ever seen and that no reasonable jury would convict him. When Lexie asked Counsel how certain he was, Counsel said that if he lost the case, he would turn in his bar card.[4] Following the guilty verdict and before sentencing, Counsel removed himself from Lexie's case.

In determining whether Lexie received ineffective assistance of counsel, we apply the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). See also *Missouri v. Frye*, __ U.S. __ (II) (A) (132 SCt 1399, 182 LEd2d 379) (2012). To prevail on his claim of ineffective assistance of counsel in the context of a plea bargain, Lexie "was . . . required to show that his

_____

[4] The State made a second plea offer while the jury was deliberating with increased jail time, but which would have given Lexie the chance at parole. Lexie rejected that offer as well, based on counsel's advice, before the jury returned with the guilty verdict.

counsel's representation fell below an objective standard of reasonableness and that the outcome of the plea process would have been different with competent advice. *Lafler v. Cooper*, __ U.S. __ (II) (A), (B) (132 SCt 1376, 182 LE2d 398) (2012)." (Punctuation omitted.) *Cruz v. State*, 315 Ga. App. 843, 845 (1) (729 SE2d 9) (2012).

Accordingly, we must first determine whether counsel's representation fell below an objective standard of reasonableness. "In regard to the offer of a plea bargain, objective professional standards require that a defendant be told that such an offer has been made and to be advised of the consequences of the choices confronting the defendant." (Citation omitted.) *Dulcio v. State*, 292 Ga. 645, 652 (3) (f) (740 SE2d 574) (2013). See also *Lloyd v. State*, 258 Ga. 645, 648 (2) (b) (373 SE2d 1) (1988). Trial counsel can be found to have rendered less than reasonably professional assistance if counsel has not informed his client of a plea offer and advised him of the relative consequences of accepting the offer versus going to trial. *Brown v. State*, 291 Ga. 892, 898 (4) (734 SE2d 23) (2012); *Dulcio*, 292 Ga. at 652 (3) (f). As the Supreme Court of Georgia has explained, "[a]lthough the decision whether to accept a proposed plea agreement must be made by the accused, the accused should have the

5

full and careful advice of counsel."[5] *Cammer v. Walker*, 290 Ga. 251, 254 (1), 255 (2) (719 SE2d 437) (2011) (citing ABA Standards for Criminal Justice Prosecution and Defense Function, Standard 4-5.2 cmt. and noting that "American Bar Association . . . standards constitute guides to determining what is reasonable [professional conduct].") (citation and punctuation omitted).

Here, the trial court found that it was "difficult, if not impossible, . . . to trust that any sensible discussion occurred concerning the risk of going to trial in this case and the noteworthy differences in possible sentences that could be imposed following a guilty plea and following a conviction at trial." Additionally, the trial court found that "[t]he evidence shows that Counsel believed he could not lose the case and made meretricious promises concerning the outcome." The trial court further found that given Counsel's assessment of the State's case, Counsel could not have reasonably advised his client concerning the risk of going to trial in order to allow Lexie to make an informed decision about the plea offer. Nor did it "appear that Counsel was willing or interested in abiding by his client's decisions concerning the objectives of

---

[5] "[C]riminal defendants require effective counsel during plea negotiations. Anything less might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him." (Citations and punctuation omitted.) *Frye*, __ U.S. at __ (II) (A).

6

representation." The trial court based these findings not only on the evidence that Lexie rejected a first-offender probationary sentence to risk a potential mandatory life sentence, but also on the evidence that "Counsel actively lobbied his client to reject the plea knowing his client wanted to accept the offer. He all but guaranteed an outcome for his client that he knew, or should have known, he could not promise." Based on these findings, the trial court accordingly concluded that "Counsel's actions were not in the best interest of his client, but rather based primarily on his individual desire to win."

From our review of the record, we cannot say that the trial court's factual findings were clear error, and thus we must defer to them. *Sims*, __ Ga. at __ (2). And based on these findings, we agree with the trial court that Counsel failed to reasonably advise Lexie of the consequences of the choices confronting him[6] and that Counsel's performance during the plea process was deficient.

_____

[6] Although the trial court informed Lexie at the plea hearing that the maximum sentence that could be imposed by the court was life plus 120 years, we find no indication in the record that Lexie was ever informed of the mandatory sentencing provisions of OCGA § 16-6-2 (b) (2).

With regard to the prejudice prong of the *Strickland* test, the United States Supreme Court has held that in order to show the requisite prejudice in a case such as this,

> where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.

*Frye*, __ U. S. at __ (II) (C). See also *Lloyd*, 258 Ga. at 648-649 (2) (b). Moreover, in view of the "self-serving nature of a defendant's post-conviction testimony regarding his intent with respect to a plea offer, [this Court has] required some further 'objective evidence' that defendant would have accepted a plea offer." (Citation and punctuation omitted.) *Biggins v. State*, 322 Ga. App. 286, 290 (3) (a) (744 SE2d 811) (2013).

Here, both Lexie and Counsel testified that Lexie wanted to accept the State's offer but was pressured by Counsel to reject it. Additionally, the evidence shows that on the date of the hearing, Lexie wrote a letter to Counsel once again stating he wanted to accept the offer if it was still open, which provides objective evidence of

8

Lexie's intention.[7] We find this evidence sufficient to demonstrate that Lexie would have accepted the offer had he been afforded effective assistance of counsel.

Additionally, the trial court found "no reason evident from the record that the State's offer in this case would not [have] been acceptable to the Court" and "no indication that the State would have not adhered to the agreement." We find no clear error in these findings. We cannot second guess the trial court's findings regarding its own consideration of the plea offer, and the record lacks any evidence to indicate the State would not have gone through with its offer. To the contrary, while Lexie and his counsel were conferring during the plea hearing, the trial court asked the State whether its offer was "open for a set period of time or does it expire?" The prosecutor replied that it would "be willing to leave it open for a few days for him to talk about it,"[8] supporting an inference that the State intended to follow through on its offer. Thus, we agree with the trial court that Lexie provided sufficient evidence to support

---

[7] Although the appellate record does not contain a copy of this letter, the transcript reflects that the prosecutor reviewed the letter at the hearing and offered no objection to testimony regarding its contents.

[8] The State argues that this statement made its offer conditional on interest from Lexie in the offer, and it thus expired when Lexie rejected the offer. Even accepting the State's argument, no evidence exists that the State would not have honored the offer if Lexie had accepted it.

his argument that he was prejudiced by his counsel's deficient performance during the plea process.

Accordingly, we affirm the order granting Lexie's motion for new trial on this ground.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*