**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 2, 2017**

# In the Court of Appeals of Georgia

A17A0746. DANIEL v. THE STATE.

MILLER, Presiding Judge.

Matthew Clinton Daniel was convicted by a jury of one count of first degree burglary (OCGA § 16-7-1), four counts of entering an auto (OCGA § 16-8-18), two counts of financial transaction card theft (OCGA § 16-9-31 (a)),[1] and two counts of identity theft (OCGA § 16-9-121). Daniel was sentenced to 20 years to serve as a recidivist pursuant to OCGA § 17-10-7 (c). Daniel appeals from the denial of his motion for new trial[2] contending that his trial counsel was constitutionally deficient

---

[1] OCGA § 16-9-31 (d) has been held to be unconstitutional in that it shifted the burden of proof from the State to the criminal defendant, however, the remainder of the statute is constitutional. *Mohamed v. State*, 276 Ga. 706, 708-709 (1) (583 SE2d 9) (2003).

[2] Daniel brought his new trial motion after the trial court granted a motion for an out of time appeal.

for (a) failing to advise him that if he rejected the State's plea offer and was convicted at trial the judge would be required to sentence him as a recidivist who would be ineligible for parole, (b) failing to object to the admission of prior felony convictions for sentencing purposes, and (c) failing to request a jury charge on accomplice corroboration. Daniel also alleges plain error in the trial court's failure to sua sponte charge the jury on accomplice corroboration. For the following reasons, we reverse the trial court's order and remand this case for proceedings consistent with this opinion.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation omitted.) *Scarborough v. State*, 317 Ga. App. 523 (731 SE2d 396) (2012).

So viewed, the evidence shows that in the late evening of August 9, 2014, after smoking methamphetamine together, Daniel and two women drove to a subdivision in Jackson County, Georgia for the purpose of breaking into vehicles and a home to steal things. The women, K. S. and D. H., dropped Daniel off at the subdivision and picked him back up after he called them. When they picked Daniel up, he had a bag, a sports jersey, and a wallet. Daniel provided K. S. with a credit card from the wallet,

2

and she used the card to purchase cigarettes from a gas station. K. S. also unsuccessfully attempted to use a credit card at an ATM. Cameras at the gas station and ATM captured K. S.'s image.

K. S. and D. H. testified against Daniel at trial and the jury found him guilty on all counts. At sentencing, the State introduced evidence of prior felony convictions and the trial court sentenced Daniel as a recidivist to 20 years to serve under OCGA § 17-10-7 (c). Daniel filed a motion for new trial which the trial court denied, and this appeal followed.

1. Although not enumerated as error by Daniel, we find that the evidence at trial was sufficient to sustain his convictions.

*(a) Burglary and Entering an Auto*

To sustain a conviction for first degree burglary, the State was required to prove that Daniel entered a dwelling house without authority with the intent to commit a theft. OCGA § 16-9-31. The State met this burden when it presented testimony that a victim's wallet was stolen from within the home lived in by two of Daniel's victims. The evidence also showed that Daniel entered four cars with the intent to commit a theft, which was sufficient to sustain his four convictions under OCGA § 16-9-31 (a).

3

*(b) Financial Transaction Card Theft and Identity Fraud*

Daniel was also convicted as a party to the crimes of financial transaction card theft and identity fraud. *Jordan v. State*, 272 Ga. 395, 396 (530 SE2d 192) (2000) ("every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime") (citation and punctuation omitted.) The evidence was sufficient to sustain these convictions. For the two identity fraud convictions, the State was required to prove that Daniel, without authorization, possessed a victim's financial transaction card information with the intent to use it fraudulently. OCGA §§ 16-9-120 (5) (financial transaction card numbers included in definition of identifying information), 16-9-121 (a). For the two convictions for financial transaction card theft, the State needed to prove that Daniel obtained a financial transaction card from a victim without the victim's consent. OCGA § 16-9-31 (a). The State introduced evidence that K. S. used both transaction cards given to her by Daniel as well as receipts evidencing the use and attempted use of the cards, and this evidence was sufficient to sustain the convictions.

2. Daniel argues that his trial counsel was constitutionally deficient for failing to correctly advise him about mandatory recidivist sentencing during plea

negotiations and that, had he properly understood sentencing, he would have accepted the State's plea offer. We agree.

Prior to trial, the State filed a notice of intent to introduce Daniel's prior convictions and offered him a plea deal of fifteen years to serve six as a recidivist. In response, at Daniel's request, his trial counsel extended numerous plea offers that included drug treatment and excluded any plea to burglary, all of which the State rejected. During the plea negotiations, Daniel's trial counsel advised him that the trial court had discretion as to whether to sentence him as a recidivist who was ineligible for parole.[3]

On the day of trial, the State offered Daniel a blind plea to all charges. Although Daniel had previously maintained his innocence with regard to the burglary charge, his trial counsel announced at the start of trial that Daniel would be willing to plead guilty to just that charge. The State rejected Daniel's offer, and the case proceeded to trial, resulting in Daniel's conviction on all of the charges against him.

At sentencing, the State introduced evidence of five prior convictions without objection from Daniel's trial counsel. Daniel testified that he did not burglarize any

---

[3] Although Daniel was engaging in plea negotiations with the State, during a recorded jailhouse telephone call, Daniel repeatedly told D. H. that he was unwilling to accept any plea deal.

5

house and that he had tried to work out a deal with the State, but the State would not drop the burglary charge. Daniel's counsel argued that it was within the trial court's discretion to determine whether any portion of Daniel's sentence would be paroled, but the State countered that this contention misstated the law. Daniel received a sentence considerably longer than the initial plea offered by the State.

To establish constitutionally ineffective assistance of counsel, Daniel must prove that his attorney's performance was deficient and that the deficiency prejudiced him because there is a reasonable probability that, but for the attorney's errors, the outcome would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984); *Emilio v. State*, 263 Ga. App. 604, 604 (1) (588 SE2d 797) (2003). "There is a strong presumption that trial counsel provided effective representation." (Footnote omitted.) *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). When trial counsel misunderstands the law, however, a defendant can establish that his trial counsel's conduct fell below an objective standard of reasonableness. *Thomas v. State*, 246 Ga. App. 448, 450 (1) (540 SE2d 662) (2000).

6

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." (Citation omitted.) *Lafler v. Cooper*, 566 U. S. 156, 162 (II) (A) (132 SCt 1376, 182 L Ed 2d 398) (2012).

*a. Deficient Performance*

During plea negotiations, counsel erroneously advised Daniel that the trial court had discretion as to whether or not he would be sentenced as a recidivist. Georgia law, however, provides that

> any person who, after having been convicted under the laws of this state for three felonies . . . commits a felony within this state *shall*, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and *shall not be eligible for parole* until the maximum sentence has been served.

(emphasis supplied.) OCGA § 17-10-7 (c). Moreover, the Georgia Supreme Court has made clear that "[w]hen it comes to parole eligibility, . . . an attorney's failure to inform his or her client that he or she would be ineligible for parole as a recidivist for the entirety of a lengthy prison sentence is constitutionally deficient performance." *Alexander v. State*, 297 Ga. 59, 65 (772 SE2d 655) (2015). In reaching this conclusion, the Georgia Supreme Court acknowledged that the recidivist statute has

7

been a long standing feature of our criminal justice system, that it is "succinct, clear and explicit and it applies automatically upon an offender's conviction as a recidivist." (Citations and punctuation omitted.) Id.

Here, although trial counsel understood that persons sentenced as recidivists were ineligible for parole, he mistakenly believed that the trial court had discretion to not sentence Daniel as a recidivist. Because trial counsel misunderstood the law in this regard, he did not advise Daniel during plea negotiations that he faced a mandatory sentence as a recidivist and would be ineligible for parole pursuant to OCGA § 17-10-7 (c) if he was convicted at trial. Consequently, we hold that trial counsel's performance was constitutionally deficient in the plea process and our inquiry turns to whether Daniel can demonstrate prejudice. *Alexander*, supra, 297 Ga. at 65; *Badger v. State*, 310 Ga. App. 157, 160 (712 SE2d 582) (2011).

### (b) Prejudice

> If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Lafler*, supra, 566 U. S. at 168 (II) (B).

8

More specifically, to establish prejudice

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the [trial] court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164 (II) (B). This standard requires Daniel to show that "there is some indication that [he] was amenable to the offer made by the [S]tate." (Citation and punctuation omitted.) *Johnson v. State*, 289 Ga. 532, 535 (712 SE2d 811) (2011). In reviewing a trial court's determination on this issue, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. *Badger*, supra, 310 Ga. App. at 160.

Here, the State timely filed a notice of intent to use five prior convictions for sentencing aggravation under OCGA § 17-10-7 (c). The State offered Daniel a plea deal of 15 years to serve 6, but Daniel rejected the offer. Trial counsel testified at the motion for new trial hearing and stated that he told Daniel that the State had a strong

9

case and that he should accept the plea. Daniel, however, refused to plead guilty to burglary up until the morning of trial when he eventually offered to plead guilty to a single burglary charge. The State did not accept this offer.

It is undisputed that the sentence under the guilty plea offer was less severe than the sentence Daniel ultimately received. As to the remaining elements of prejudice, the trial court only addressed the likelihood that Daniel would have accepted the State's plea deal if he had been properly advised, and the trial court found that Daniel did not establish this fact. We disagree.

The trial court based its decision on its finding that Daniel would not have accepted the plea deal in any event because he did not follow his counsel's advice to accept the State's offer, he maintained his innocence on the burglary charge, he believed he could win at trial, he believed that if he lost at trial his sentence would not be substantially worse than the State's offer, and he counteroffered with sentences which were not acceptable to the State.

As set forth above, our deference to the trial court is not absolute. See *Badger*, supra, 310 Ga. App. at 160. Our review of the record shows that the trial court's factual findings on this element are clearly erroneous. First, the trial court should not have relied upon Daniel's decision not to follow his trial counsel's advice or his

10

beliefs concerning sentencing when trial counsel's erroneous advice left Daniel without a proper understanding of the sentence he was facing. This circular logic cannot support the trial court's finding that Daniel would not have taken the plea. Further, although it is undisputed that Daniel initially was reluctant to plead guilty to the burglary charge, he ultimately offered to enter a plea to just that charge, and the trial court's order disregards this fact. Additionally, although Daniel thought he would win at trial, he did not understand the gravity of the risk of losing at trial given that he was not properly advised that he would necessarily be sentenced as a recidivist and ineligible for parole. Moreover, when asked if he would have accepted the State's offer had he understood his parole ineligibility after trial, Daniel responded "Yes, ma'am. I believe I would have."[4] Thus, Daniel has made a showing that he was amenable to the State's plea offer of fifteen years with six to serve. *Johnson*, 289 Ga. at 535-536 (despite regularly professing his innocence, defendant demonstrated he was reasonably likely to accept plea offer because, once he learned he was facing mandatory life sentence, he immediately requested counsel attempt to negotiate a plea

---

[4] We recognize that the trial court was authorized to discredit this self-serving testimony, but as discussed further above, it was not the only evidence of Daniel's willingness to accept the State's plea. See *Gomez v. State*, 300 Ga. 571, 573 (797 SE2d 478) (2017).

11

deal and then attempted to accept State's prior plea offer).[5] For these reasons, we conclude that the trial court clearly erred in finding that Daniel was not reasonably likely to accept the State's plea deal.

Given the trial court's clearly erroneous finding on this element of the prejudice analysis, it did not reach the other elements - namely whether the prosecution would have withdrawn the offer and whether the trial court would have accepted the plea. See *Lafler*, supra, 566 U. S. at 164 (II) (B). Consequently, we remand this case to the trial court to make the necessary factual determinations concerning the remaining elements of prejudice. See *Alexander*, supra, 297 Ga. at 65-66 (case reversed and remanded for determination on prejudice).

Nevertheless, while we are reversing the trial court's denial of Daniel's motion for new trial, we note that, if the trial court determines on remand that Daniel should be entitled to the opportunity to plead guilty, and he elects not to enter a guilty plea, the State may retry him without violating Double Jeopardy because, as set forth in

---

[5] Compare *Cleveland v. State*, 285 Ga. 142, 147-148, (674 SE2d 289) (2009) (defendant did not establish it was reasonably likely he would have accepted the plea because he adamantly denied involvement with the crime, chose to stand trial, even after learning that incriminating evidence would be introduced at trial, had additional time to consider the consequences of the evidence due to a suspension of the trial proceedings, and maintained his innocence during his trial testimony and post-conviction statements to the jury).

Division 1 above, there was sufficient evidence at trial to support Daniel's conviction. See *Thompson v. State*, 313 Ga. App. 844, 849 (1) (723 SE2d 85) (2012).

3. In light of our holding in Division 2, we need not address Daniel's remaining enumerations.

*Judgment reversed and case remanded. Doyle and Reese, JJ., concur.*