**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 18, 2018**

# In the Court of Appeals of Georgia

A18A0847. WALKER v. THE STATE.

BETHEL, Judge.

A jury convicted Harden Walker of rape and false imprisonment. In *Walker v. State*, 341 Ga. App. 742, 745-47 (2) (801 SE2d 621) (2017), this Court affirmed Walker's convictions but vacated the trial court's ruling on Walker's claim for ineffective assistance of counsel. On remand, the trial court again denied his motion for a new trial. Walker now appeals from that ruling. For the reasons set forth below, we affirm.

In his motion for new trial, Walker claimed that his trial counsel failed to adequately advise him regarding a pre-trial plea deal offered by the State. *Id*. at 745 (2). As this Court's prior opinion in this case outlined,

During pre-trial plea negotiations, the State offered to recommend to the trial court that Walker serve 20 years in prison in exchange for his guilty plea to the charged offenses of rape and false imprisonment. It is undisputed that, when the State made the plea offer, both the prosecutor and Walker's trial counsel erroneously believed that 20 years was the maximum sentence that Walker could receive on the rape charge, when, in fact, he could receive a life sentence. Based on counsel's erroneous advice that 20 years was the maximum rape sentence, Walker rejected the plea offer, went to trial, was convicted on both charges, and received a sentence of life imprisonment for rape plus five years for false imprisonment. Walker testified at the hearing on the new trial motion that trial counsel told him about the State's 20-year plea offer and that "more than likely" he would have taken the plea offer if trial counsel had advised him that the maximum sentence for rape was life imprisonment. Although Walker testified that he did not learn about the possibility of life imprisonment until sentencing, trial counsel testified that, just prior to opening statements, the prosecutor told her that the maximum sentence for the rape charge was life imprisonment and that Walker was also made aware at that time that the maximum sentence was life.

*Id*. at 745 (2).

Walker brought a motion for new trial, claiming, *inter alia*, that his trial counsel was ineffective in advising him regarding the State's plea offer. The trial

court determined that Walker had not been prejudiced by this deficiency, and on that and other grounds denied Walker's motion for a new trial.

However, in its review of the record and the trial court's order, this Court determined that the record did not support the trial court's conclusion regarding prejudice. *Id*. at 745-47 (2). Accordingly, this Court vacated the trial court's denial of Walker's motion for new trial and remanded the case to the trial court to make factual findings and legal conclusions relating to the prejudice prong under *Strickland* and the United States Supreme Court's ruling in *Lafler v. Cooper*, 566 U.S. 156, 168 (II) (B) (132 SCt 1376, 182 LE2d 398) (2012). *Walker*, 341 Ga. App. at 747 (2). This Court explicitly noted that Walker could bring a new appeal from the trial court's ruling regarding prejudice and any resentencing undertaken by the trial court. *Id*.

On remand, the trial court again found that Walker was not prejudiced by his trial counsel's deficiency. The trial court specifically found, in the face of disputed testimony, that Walker had been advised prior to and during trial that the actual maximum sentence for his charges was life imprisonment. The trial court found that Walker decided to proceed to trial based on his belief that the State's DNA evidence would not be sufficient to convict him and that the prior plea offer and the confusion regarding the maximum available sentence did not factor into his decision. The trial

3

court further found that there was no evidence that, once rejected, a 20-year plea offer from the State remained open. Moreover, the trial court found no evidence to suggest that once the prosecutor became aware that the maximum available sentence was life imprisonment, the State would have offered a lower sentence in exchange for a guilty plea. This appeal followed.

1. Walker first argues that, on remand, the trial court erred in its determination that Walker was not prejudiced by counsel's deficiency. We disagree.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 669 (2) (104 SCt 2052, 80 LEd2d 674) (1984). Moreover, in *Lafler*, the United States Supreme Court specifically ruled that where counsel's deficient advice has led a defendant to reject a plea offer and stand trial, to establish prejudice under the second *Strickland* prong,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms

4

would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164 (II) (B). In reviewing a claim of ineffective assistance of counsel on appeal, this Court upholds a trial court's factual findings and credibility determinations unless they are clearly erroneous, but the trial court's legal conclusions are reviewed by this Court de novo. *Goldstein v. State*, 283 Ga. App. 1, 4 (3) (640 SE2d 599) (2006).

In this case, deferring to the trial court's factual findings, we agree that Walker has not established a reasonable likelihood that but for his counsel's deficient advice regarding sentencing, the outcome of the proceeding would have been different. The testimony at the hearing on Walker's motion for new trial established, and the trial court found, that the State, Walker, and his counsel believed 20 years to be the maximum available sentence for his rape charge when the State made its plea offer. Walker nonetheless rejected this offer and elected to proceed to trial. Even once Walker and his counsel became aware that Walker actually faced a life sentence on his rape charge (after being so advised by the State prior to trial), nothing in the record suggests that Walker instructed his counsel to re-open plea negotiations or ask the State whether the 20-year offer remained open. *Cf. Daniel v. State*, 342 Ga. App.

448, 452-54 (2) (b) (803 SE2d 603) (2017) (defendant was mistakenly advised in regard to trial court's discretion in sentencing and was never advised that if convicted he would be sentenced as recidivist and ineligible for parole); *State v. Lexie*, 331 Ga. App. 400, 403-04 (771 SE2d 97) (2015) (defendant's explicit statement to counsel that he wanted to accept State's plea offer constituted evidence that he would have accepted offer had he been afforded effective assistance of counsel).

Moreover, it is clear from the record that, when it made the 20-year offer to Walker, the State was under the mistaken impression that it had offered the maximum sentence available. Walker presented no evidence to the trial court to suggest that once the State disabused itself of this notion that the prior offer or, for that matter, any offer for less than a life sentence, would still be considered by the State. *Cf. Lexie*, 331 Ga. App. at 404 (record was clear that plea offer remained open during plea hearing and afforded defendant opportunity to confer with counsel as to whether to accept). Walker thus failed to carry his burden of showing that the initial 20-year offer would have ultimately been presented to the trial court and not withdrawn by the State due to the intervening circumstances involved in this case, namely the State's late realization that the maximum sentence available in this case was life

6

imprisonment. Accordingly, we hold that the trial court did not err in finding that Walker failed to establish the prejudice prong of *Strickand* and *Lafler*.

2. Walker next argues that the trial court erred when, upon remand, it did not hold a new hearing to allow Walker to develop a record relating to the *Lafler* factors. However, Walker points this Court to no authority suggesting that a new hearing was required.[1] Moreover, it is clear from the parties' briefs, the arguments presented at the motion for new trial, and the trial court's orders in this case, that all parties and the trial court were aware of the legal standard set forth in *Lafler* as well as Georgia appellate decisions applying that standard when the motion hearing was held. Walker was thus on notice of the burden he carried in advancing his claim of ineffectiveness relative to the plea offer and his sentence, and he has made no showing that a second hearing following remand from this Court was necessary. This enumeration therefore fails.

*Judgment affirmed. Ellington, P. J., and Gobeil, J., concur.*

---

[1] Walker obliquely suggests that this Court's prior opinion in this case required the trial court to hold a new hearing. However, we find no support for this argument, as this Court's prior opinion merely called upon the trial court to "reconsider the prejudice prong and make appropriate factual findings and legal conclusions under the above-stated test in *Lafler*[.]" *Walker*, 341 Ga. App. at 746 (2).