**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 1, 2022**

# In the Court of Appeals of Georgia

A22A0589. THE STATE v. DORSEY.

PIPKIN, Judge.

Jimmy Dorsey rejected a plea offer extended by the State and proceeded to a jury trial, after which he was convicted of armed robbery and related crimes and sentenced as a recidivist to serve life in prison without the possibility of parole plus five years probation. Dorsey moved for a new trial arguing, in relevant part, that his trial counsel was constitutionally ineffective by misadvising him regarding the consequences of rejecting the State's favorable plea offer and the effect his status as a recidivist would have on his sentence if he were convicted after a trial. The trial

court agreed and granted Dorsey a new trial. The State appeals that ruling.[1] For the reasons explained below, we affirm the trial court's conclusion that Dorsey's trial counsel was constitutionally ineffective, but we vacate the part of the trial court's judgment setting aside Dorsey's convictions and granting him a new trial because, under the circumstances of this case, such relief is not the proper remedy.

1. Whether trial counsel rendered constitutionally ineffective assistance presents a mixed question of law and fact. See *State v. Lexie*, 331 Ga. App. 400, 400 (771 SE2d 97) (2015). When this Court reviews a trial court's judgment with respect to a claim of ineffective assistance of counsel, "we defer to the trial court's findings of fact unless clearly erroneous, but owe no such deference to its conclusions of law which we apply independently to the facts." (Citation and punctuation omitted.) Id.

The record shows that, in July 2014, Dorsey was indicted for and pleaded not guilty to armed robbery, aggravated assault, false imprisonment, and possession of

---

[1] Nearly three months after Dorsey's responsive brief in this case was originally due, Dorsey's counsel moved for and was granted an extension of time to file a brief. Despite our granting the requested extension, no brief has been filed on Dorsey's behalf in this Court.

a firearm during the commission of a crime.[2] In April 2017, the State filed notice of its intent to seek recidivist punishment pursuant to OCGA § 17-10-7 (a) and (c). In the weeks before Dorsey's September 2017 trial, the State extended a plea offer of twenty years to serve seven on a reduced charge of "some form of robbery." In response, trial counsel e-mailed the prosecutor on September 6, 2017, indicating that Dorsey would "plea to everything in the original plea offer if [the State] would come down on the probation time (from 20 serve 7 to 10 serve 7)." On September 17, 2017, the day before Dorsey's trial commenced, trial counsel again e-mailed the prosecutor, this time to ask whether Dorsey could accept the State's original plea offer. The prosecutor responded, "No, he rejected that offer and a few subsequent ones." Before jury selection commenced, the trial court inquired whether a plea offer was on the table. Trial counsel responded that Dorsey had previously rejected a plea offer and that, as a result, the offer had been withdrawn. The prosecutor later explained that she withdrew the plea offer because Dorsey "was going back and forth and he was waffling."

---

[2] Dorsey was indicted alongside his co-defendant Milton Gainer. Gainer negotiated a plea agreement with the State pursuant to which he pleaded guilty to robbery and was sentenced to serve ten years on probation.

3

Following a jury trial, Dorsey was found guilty of all counts. At the sentencing hearing, Dorsey's counsel informed the trial court that, when discussing with Dorsey the State's plea offer and the possible sentence Dorsey faced if he proceeded to trial, he failed to account for the effect of the sentencing provisions of both OCGA § 17-10-7 (a) and (c),[3] as well as the prohibition against probating a life sentence.[4] As a result, trial counsel incorrectly informed Dorsey that the trial court had discretion to impose a sentence of life imprisonment with or without parole on a conviction for armed robbery when, in fact, the trial court had no discretion but to sentence Dorsey to serve life without parole. Trial counsel also misadvised Dorsey that, if the trial court imposed a sentence of life with the possibility of parole, the court could "decide how much of [his] sentence would be parole eligible." Trial counsel did not realize his errors until after the trial had concluded. Trial counsel stated that Dorsey told him

---

[3] Under these subsections, which must be read in tandem, a trial court has no discretion to impose anything but a sentence of life without the possibility of parole for an armed robbery conviction. See *Blackwell v. State*, 302 Ga. 820, 830 (4) (809 SE2d 727) (2018) ("All of [the] subsections of OCGA § 17-10-7 must be read together."); *Wynn v. State*, 332 Ga. App. 429, 437 (5) (773 SE2d 393) (2015) ("The trial court . . . properly sentenced [defendant] to life imprisonment without parole on his armed robbery conviction, and in fact had no discretion to do otherwise" under OCGA § 17-10-7 (a) and (c).).

[4] See OCGA § 17-10-1 (a) (1) (A).

4

"that had he known that the [trial court] would not have any discretion at sentencing that he would have gone ahead and pled guilty."

Dorsey timely moved for a new trial, alleging as error trial counsel's failure to correctly advise him during plea negotiations as to the sentence he faced if he proceeded to trial and was found guilty of armed robbery. Testifying at the motion for new trial hearing, trial counsel elaborated on the erroneous advice he gave during plea negotiations. According to trial counsel, he advised Dorsey that an armed robbery conviction carries a ten-year mandatory minimum sentence but that Dorsey "would have to receive the maximum sentence," that is, life imprisonment. Trial counsel explained to Dorsey — incorrectly — that while he would be required to serve the ten-year mandatory minimum in prison, the trial court could probate the remainder of the sentence at its discretion. He also told Dorsey — again, incorrectly — that any sentence beyond the mandatory minimum ten years was parole eligible. In a thorough and well-reasoned order, the trial court agreed that trial counsel was ineffective and granted Dorsey a new trial. The State challenges that ruling on appeal.

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U. S. 156, 168 (II) (B) (132 SCt 1376, 182 LE2d 398) (2012). To prevail on a claim that

his trial counsel was constitutionally ineffective, a defendant must demonstrate both that counsel's performance was deficient and that he suffered prejudice as a result of that deficient performance. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Walker v. State*, 341 Ga. App. 742, 745 (2) (801 SE2d 621) (2017) (*Strickland* test applies to claims of ineffective assistance during plea negotiations). While "[t]here is a strong presumption that trial counsel provided effective representation[,] [w]hen trial counsel misunderstands the law . . . a defendant can establish that his trial counsel's conduct fell below an objective standard of reasonableness." (Citation and punctuation omitted.) *Daniel v. State*, 342 Ga. App. 448, 451 (2) (803 SE2d 603) (2017).

(a) We first consider whether trial counsel's performance was deficient. Relying on trial counsel's statements at sentencing and his testimony at the motion for new trial hearing, the trial court found that it was. Specifically, the trial court concluded that counsel was deficient by failing to take into account both of the recidivist-sentencing statutes at play in this case and by subsequently misadvising Dorsey that the trial court was not required impose a life sentence when, in fact, the court had no discretion to do otherwise given Dorsey's status as a recidivist.

6

With regard to the offer of a plea bargain, "[a] defendant is entitled to be *fully informed* of certain consequences of his decision to accept or reject a plea offer, including the right to the informed legal advice of counsel regarding the possible sentences that could be imposed following a conviction at trial." (Emphasis supplied.) *Gramiak v. Beasley*, 304 Ga. 512, 514 (I) (A) (820 SE2d 50) (2018). In addressing a claim of ineffective assistance similar to that at issue here, our Supreme Court has held that

> an attorney's failure to inform his or her client that he or she would be ineligible for parole as a recidivist for the entirety of a lengthy prison sentence is constitutionally deficient performance. . . . [T]he recidivist statute is, and has been, a prominent feature of our criminal justice system — anyone who is subject to it should be informed accurately about its consequences.

*Alexander v. State*, 297 Ga. 59, 65 (772 SE2d 655) (2015). See also *Daniel*, 342 Ga. App. at 451 (2) (a) (trial counsel was deficient where he mistakenly believed that trial court had discretion not to sentence defendant as a recidivist and, as a result, failed to advise defendant during plea negotiations that, if convicted at trial, he faced a mandatory sentence and would be ineligible for parole). The record supports the trial

7

court's finding that trial counsel misadvised Dorsey about the sentence he faced if he proceeded to trial, and we agree that counsel's performance was deficient.

The State challenges this conclusion, asserting that because Dorsey "knew that a life sentence was a possibility" when he rejected the plea, "he was not denied effective assistance of counsel merely because he was not told that a life sentence was mandatory." In the State's view, "[t]he law only requires that a defendant be informed that the consequences of rejecting a plea could be harsher than the consequences of accepting the plea." But the United States Supreme Court has roundly repudiated such an analysis, holding that "[a]n inquiry into whether the rejection of a plea is knowing and voluntary . . . is not the correct means by which to address a claim of ineffective assistance of counsel." *Lafler*, 566 U. S. at 173 (III). See also *Missouri v. Frye*, 566 U. S. 134, 141 (II) (A) (132 SCt 1399, 182 LE2d 379) (2012) (noting the Court's previous rejection of the argument that "a knowing and voluntary plea [or rejection thereof] supersedes defense counsel's errors"); *Gramiak*, 304 Ga. at 515 (I) (B) ("Georgia courts must apply the standard established in *Lafler* and *Frye* for demonstrating compliance with the Sixth Amendment right of counsel in cases involving plea offers."). We likewise reject this argument.

(b) Having determined that the trial court properly concluded that trial counsel's performance was deficient, we turn our focus to the prejudice prong of the *Strickland* analysis because, of course, Dorsey is not entitled to relief unless he was prejudiced by trial counsel's error. To establish prejudice in the context of a rejected plea offer, a defendant "must show the outcome of the plea process would have been different with competent advice." (Citation and punctuation omitted.) *Gramiak*, 304 Ga. at 515 (I) (B). This three-part inquiry requires that a defendant demonstrate

> [1] that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

(Citation and punctuation omitted.) Id. In making this showing, a defendant must point to "some indication that he was amenable to the offer made by the State." (Citation and punctuation omitted.) *Daniel*, 342 Ga. App. at 452 (2) (b).

Addressing the inquiry in reverse, there is no question that the State's offer of twenty years to serve seven with no recidivist treatment was less severe than the life

9

sentence without the possibility of parole that Dorsey received. As to the trial court's acceptance of the plea, the court found that it would have been willing to accept a plea agreement had one been reached, and "[w]e cannot second guess the trial court's findings regarding its own consideration of the plea offer[.]" *Lexie*, 331 Ga. App. at 404.

Turning then to whether the plea offer would have been presented to the trial court, the court found that Dorsey presented credible evidence that he would have accepted the plea deal but for his counsel's deficient performance. In support of this finding, the trial court highlighted trial counsel's testimony that Dorsey stated he would have accepted the plea offer had he known that he faced a mandatory sentence of life imprisonment without the possibility of parole, as well as counsel's e-mail to the prosecutor the night before the trial began inquiring whether the State's original offer remained open. We agree that this "provides objective evidence of [Dorsey's] intention" to accept the State's offer. Id. at 403-404 (defendant's letter to counsel stating that he wanted to accept State's plea offer if it was still available was "sufficient evidence" to demonstrate that defendant would have accepted offer). Moreover, as the trial court correctly noted, the "significant difference" between the punishment offered by the State as compared to the mandatory sentence of life

without parole that Dorsey faced upon conviction "serves as additional evidence that could support an inference regarding the reasonable probability that [Dorsey] would have accepted the plea offer" but for his counsel's erroneous advice. *Gramiak*, 304 Ga. at 518 (I) (C).

Though the State asserts that its withdrawal of the plea offer precludes Dorsey from establishing that the offer would have been presented to the trial court, the State fails to acknowledge that it withdrew the offer because Dorsey, misled by trial counsel's flawed advice, rejected the State's terms and attempted to negotiate a better deal or, as the prosecutor put it, because he "was waffling." In other words, but for counsel's ineffective advice, Dorsey would have accepted the terms of the plea as presented by the State and the plea would not have been withdrawn. Indeed, Dorsey's rejection of the plea offer and his efforts to negotiate a more favorable sentence — as well as the State's resultant withdrawal of the offer — cannot be divorced from the fact that he did so while blind to "the gravity of the risk of losing at trial given that he was not properly advised that he would necessarily be sentenced as a recidivist and ineligible for parole." *Daniel*, 342 Ga. App. at 453 (2) (b). See also *Walker*, 341 Ga. App. at 746 (2). The trial court did not err in finding that, had Dorsey been properly

11

advised, he would have accepted the State's plea offer and that the offer would not have been withdrawn.

Because the trial court's factual findings relevant to Dorsey's claim of ineffective assistance are supported by the record, we defer to them. And because those findings in turn support the conclusion that Dorsey's plea counsel was constitutionally ineffective, we affirm the trial court's judgment in that respect.

2. We cannot, however, affirm the relief implemented by the trial court — namely, a new trial — because this remedy does not redress the constitutional injury at issue. "Sixth Amendment remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. Thus, a remedy must 'neutralize the taint' of a constitutional violation[.]" (Citations and punctuation omitted.) *Lafler*, 566 U. S. at 170 (II) (C). And where trial counsel's ineffective assistance results in the rejection of a plea offer and subsequent imposition of a greater sentence upon conviction after a trial, "[t]he remedy would not be the grant of a new trial[.]" *Walker*, 341 Ga. App. at 747 (2). See also *Gramiak*, 304 Ga. at 524 (III). We have observed that, in a "typical case . . . involv[ing] charges that would have been admitted as part of the plea bargain that are the same as the charges the defendant was convicted of after trial," resentencing is an appropriate remedy.

12

(Citation and punctuation omitted.) *Walker*, 341 Ga. App. at 747 (2). But this is not a "typical case" because the plea offer involved lesser included charges and Dorsey's armed robbery conviction mandates the imposition of recidivist penalties. As a result, resentencing alone, or even a new trial, will not remedy the violation of Dorsey's right to effective counsel.

While we have no trouble determining that a new trial is not an appropriate remedy under the facts of this case, determining what *is* an appropriate remedy presents a far more substantial hurdle and is an issue that neither this Court nor the Georgia Supreme Court has considered. *Lafler* offers *some* guidance, opining that, under circumstances like those present in this case, "the proper exercise of [the trial court's] discretion to remedy the constitutional injury *may be* to require the prosecution to reoffer the plea proposal. . . . [T]he judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." (Emphasis supplied.) *Lafler*, 566 U. S. at 171 (II) (C). But besides the fact that *Lafler*'s remedy analysis is couched in permissive, rather

13

than mandatory, language,[5] we question whether a trial court's ordering the State to extend a plea offer anew comports with the separation of powers principles enshrined in our state constitution. See 1983 Ga. Const. Art. I, Sec. II, Par. III ("The legislative, judicial, and executive powers shall forever remain separate and distinct[.]").

As we have recognized, "[o]ur adversary system of criminal justice demands that the respective roles of the prosecution and defense and the neutral role of the court be kept separate and distinct in a criminal trial." (Citation and punctuation omitted.) *State v. Santiago*, 333 Ga. App. 742, 743 (776 SE2d 824) (2015). Within that system, the district attorney, as an "administrator of justice, . . . has broad discretion in making decisions prior to trial about [whom] to prosecute, what charges

---

[5] As was stressed by then-Judge Peterson, "[t]he full text of judicial decisions is not law. Only the holdings of judicial decisions are law. And a decision's holding is limited to the factual context of the case being decided and the issues that context necessarily raises. Language that sounds like a holding — but actually exceeds the scope of the case's factual context — is not a holding no matter how much it sounds like one." (Citations and punctuation omitted.) *Classic Commercial Svcs. v. Baldwin*, 336 Ga. App. 183, 190 (784 SE2d 44) (2016) (Peterson, J., concurring). See also *Natson v. United States*, 494 Fed. Appx. 3, 5 n.2 (11th Cir. 2012) ("The opinions of the Supreme Court are not the United States Code. Every sentence in a Supreme Court opinion is not law. Only the holdings of Supreme Court decisions are law."); *Watts v. BellSouth Telecommunications*, Inc., 316 F3d 1203, 1207 (11th Cir. 2003) ("Whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced.").

to bring, and which sentence to seek." (Citations omitted.) *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001). Likewise, "[t]he authority and discretion to plea bargain rest with the State . . . . The authority of the prosecutor to bargain is inherent in his [or her] office and is of utmost importance in the orderly administration of criminal justice."[6] (Citations and punctuation omitted; emphasis supplied.) *State v. Kelley*, 298 Ga. 527, 529-530 (783 SE2d 124) (2016).

For sure, had he accepted the plea agreement offered by the State, Dorsey would have pleaded guilty to and been convicted of "some type" of robbery and sentenced to twenty years with seven to serve. That said, the remedy issue was not

---

[6] Indeed, a trial court may not interfere "with the State's right to prosecute without a legal basis to do so." (Citation and punctuation omitted.) *State v. Bachan*, 321 Ga. App. 712, 714 (742 SE2d 526) (2013). Among other things, a trial court is "prohibited from participating in plea negotiations," "may not oblige the State to have its case adjudicated by way of a bench trial," "lacks the authority to dismiss a criminal charge over the State's objection when there is no legal basis for that dismissal," and "may not compel the State to accept a plea to an offense other than that which is charged in the charging instrument." (Citations and punctuation omitted.) *Kelley*, 298 Ga. at 529-530. In light of these settled principles, a trial court's forcing the State to reoffer a plea bargain certainly has the potential "to upend the plea bargaining process, transforming it from its historic role as an act of executive discretion to one of judicially enforceable right. [A court], rather than the State, would assume the job of selecting charges and offering plea terms." *Williams v. Jones*, 571 F3d 1086, 1110-1111 (IV) (10th Cir. 2009) (Gorsuch, J., dissenting). See also *Lafler*, 566 U. S. at 183-185 (III) (Scalia, J., dissenting); id. at 187-188 (Alito, J., dissenting). In effect, requiring the State to reoffer the plea bargain may remedy a federal constitutional violation at the expense of creating a state constitutional violation.

15

briefed by the parties on appeal — as noted above, Dorsey has not even filed a brief with this Court — thus, we leave the issue to be briefed by the parties and considered by the trial court on remand.[7] Accordingly, we affirm the trial court's conclusion that Dorsey was denied the effective assistance of counsel, vacate the part of the court's judgment setting aside Dorsey's convictions and granting him a new trial, and remand the case for further proceedings consistent with this opinion.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Rickman, C. J., concur. Miller, P. J., concurs in judgment only.*

---

[7] Of course, nothing in our opinion should be understood as preventing the parties from reaching an agreement regarding an appropriate remedy, with the approval of the trial court.