**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 14, 2017**

# In the Court of Appeals of Georgia

A17A0437. WALKER v. THE STATE.

ANDREWS, Judge.

Harden Walker was found guilty by a jury of rape and false imprisonment and was sentenced to life imprisonment plus five years. Walker appeals claiming the evidence of venue was insufficient and that the trial court erred by denying his motion for a new trial on the basis of ineffective assistance of counsel. For the following reasons, the judgment of conviction is affirmed, the sentence is affirmed on condition, and the case is remanded with directions.

1. Walker's only challenge to the sufficiency of the evidence concerns whether the State carried its burden to produce evidence establishing venue – that the charged offenses were committed in Fulton County, as alleged in the indictment.

In criminal cases, venue (the county where the charged crime was committed) is an essential element which must be proved beyond a reasonable doubt. Ga. Const. 1983, Art VI, Sec. II, Par. VI; *Bell v. State*, 284 Ga. 790, 792 (671 SE2d 815) (2009). As with any element of a charged crime, the State may use direct or circumstantial evidence to prove venue. Id. at 793.

The State presented the following evidence to prove the charged crimes. Walker was indicted in 2010 on charges that in July of 1990 he committed the offenses of rape and false imprisonment against the victim. A short distance from a night club located in Midtown Atlanta, the victim accepted a ride from two men who, against the victim's will, drove the victim to a nearby field where both men threatened to kill the victim's family and then, forcibly and against the victim's will, had sex with the victim in the car. After the men could not start the car, the victim escaped and ran screaming to a nearby house located in the 600 block of Vernon Avenue in Fulton County where the occupant called police. When City of Atlanta police arrived at the house, they immediately took the victim to Grady Hospital where a sexual assault exam was performed, DNA samples were collected from the victim's vagina, and a rape kit containing the samples was sent to the GBI crime lab. Because it was dark, the victim never got a good look at the men so she was unable to identify

2

the rapists to police. Without a suspect whose DNA profile could be compared to the DNA samples from the victim's vagina, the case remained cold for about 20 years. In 2010, pursuant to a request by the City of Atlanta police, the crime lab tested the samples from the victim's rape kit, established that male DNA was in the samples, and generated a profile of the male DNA which matched known DNA profiles of Walker contained in an existing DNA database and in buccal swabs obtained from Walker by search warrant. The City of Atlanta police officer assigned to investigate the case in 1990 testified that the night club and the house the victim ran to immediately after the rape were located in Fulton County and that the incident occurred in Fulton County.

The evidence was sufficient for the jury to find beyond a reasonable doubt that Walker was guilty of the charged offenses of rape and false imprisonment. OCGA §§ 16-6-1 (a) (1); 16-5-41 (a). The direct and circumstantial evidence was also sufficient for the jury to find beyond a reasonable doubt that the charged offenses were committed in Fulton County, as alleged in the indictment.

2. Walker contends on two grounds that his trial counsel was ineffective, and that the trial court erred by denying his motion for a new trial on these grounds.

To prevail on a claim of ineffective assistance, [Walker] must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687(III) (104 SCt 2052, 80 LE2d 674) (1984). To show that the performance of his lawyer was deficient, [Walker] must prove that she performed her duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687–688(III)(A). See also *Kimmelman v. Morrison*, 477 U.S. 365, 381(II)(C) (106 SCt 2574, 91 LE2d 305) (1986). And to show that he was prejudiced by the performance of his lawyer, [Walker] must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694(III)(B). See also *Williams v. Taylor*, 529 U.S. 362, 391(III) (120 SCt 1495, 146 LE2d 389) (2000). This burden, though not impossible to carry, is a heavy one. See *Kimmelman*, 477 U.S. at 382(II)(C).

*Arnold v. State*, 292 Ga. 268, 269-270 (737 SE2d 98) (2013). In considering an ineffective assistance claim on appeal, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Leonard v. State*, 292 Ga. 214, 217 (735 SE2d 767) (2012) (citation and punctuation omitted)

In the first ground, Walker contends that trial counsel was ineffective for pursuing a defense that the crime lab's DNA test results were faulty when discovery evidence showed otherwise. At the hearing on Walker's new trial motion, his trial counsel testified that, prior to trial, she subpoenaed all of the crime lab testing data

4

on the DNA obtained from the victim's vagina after the rape, hired a DNA expert from Georgia Tech to review the DNA testing, and the expert reviewed the testing data and told her that the crime lab testing was inadequate and "wasn't enough to prove that it was Mr. Walker's DNA." Counsel relied on this expert opinion to formulate a defense for the trial. Counsel testified that, after the State presented witnesses at trial from the crime lab establishing the crime lab testing procedures, she spoke to her expert witness during a recess of the trial, and the expert reviewed the testing data again and told her that he had made a mistake in his initial review and that the crime lab DNA testing was accurate. According to trial counsel, if she had called the expert as a witness at trial, the expert would have confirmed the crime lab testing, so she made a strategic decision not to call him. We find no error in the trial court's conclusion that Walker failed to show that trial counsel's performance was deficient. Under the circumstances, counsel's decision not to call the expert witness at trial was a reasonable strategic decision. Moreover "[a] defendant is not constitutionally entitled to any certain level of effective assistance from experts that are reasonably selected by trial counsel." *Smith v. State*, 283 Ga. 237, 239 (657 SE2d 523) (2008) (citation and punctuation omitted). Walker does not claim that the expert was not reasonably selected by trial counsel, and we find under the circumstances that

5

counsel's reliance on the expert's erroneous initial opinion was not deficient performance. The trial court did not err by denying Walker's motion for a new trial on this ground. *Strickland*, supra.

In the second ground, Walker contends that trial counsel was ineffective for failing to adequately advise him regarding a pre-trial plea offer from the State. The two part test under *Strickland*, supra, also applies to Walker's allegations of ineffective assistance during plea negotiations. *Alexander v. State*, 297 Ga. 59, 63 (772 SE2d 655) (2015). During pre-trial plea negotiations, the State offered to recommend to the trial court that Walker serve 20 years in prison in exchange for his guilty plea to the charged offenses of rape and false imprisonment. It is undisputed that, when the State made the plea offer, both the prosecutor and Walker's trial counsel erroneously believed that 20 years was the maximum sentence that Walker could receive on the rape charge, when, in fact, he could receive a life sentence. Based on counsel's erroneous advice that 20 years was the maximum rape sentence, Walker rejected the plea offer, went to trial, was convicted on both charges, and received a sentence of life imprisonment for rape plus five years for false imprisonment. Walker testified at the hearing on the new trial motion that trial counsel told him about the State's 20 year plea offer and that "more than likely" he

6

would have taken the plea offer if trial counsel had advised him that the maximum sentence for rape was life imprisonment. Although Walker testified that he did not learn about the possibility of life imprisonment until sentencing, trial counsel testified that, just prior to opening statements, the prosecutor told her that the maximum sentence for the rape charge was life imprisonment and that Walker was also made aware at that time that the maximum sentence was life.

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (132 SCt 1376, 182 LE2d 398) (2012). Because trial counsel's erroneous advice that 20 years was the maximum rape sentence was clearly deficient performance under the first *Strickland* prong, the issue is whether Walker proved under the second *Strickland* prong that counsel's deficient performance prejudiced the defense.

Where counsel's deficient advice has led a defendant to reject a plea offer and stand trial, to establish prejudice under the second *Strickland* prong,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms,

and that the conviction or sentence, or both, under the offer's terms
would have been less severe than under the judgment and sentence that
in fact were imposed.

*Lafler*, 566 U.S. at 164. In addressing the prejudice prong, the trial court ruled that

Walker learned during the trial that the maximum sentence for rape was life rather

than 20 years, that "before and during trial, [Walker] repeatedly rejected a plea offer

of twenty years to serve," and that "nothing in the record suggests that [Walker]

would have acted any differently had the proper sentence guidelines been conveyed

to him prior to trial." Essentially, the trial court ruled that Walker failed to show he

was prejudiced by counsel's deficient advice because (with knowledge that life was

the maximum sentence) he repeatedly rejected the State's 20 year plea offer. We find

no support in the record for this ruling. Evidence showed that Walker rejected the

State's pre-trial 20 year plea offer prior to learning that life imprisonment was the

maximum sentence for rape. But there is nothing in the record showing that, after trial

counsel and Walker learned from the prosecutor that life was the maximum sentence,

the State re-offered a 20 year plea deal or Walker rejected it. Accordingly, we vacate

the trial court's ruling on the prejudice prong.

We remand the case with directions that the trial court reconsider the prejudice

prong and make appropriate factual findings and legal conclusions under the above-

stated test in *Lafler*, supra. For example, assuming that Walker demonstrated a reasonable probability that but for counsel's deficient advice he would have accepted the pre-trial 20 year plea offer, to establish prejudice, *Lafler* requires additional findings that the prosecutor would not have withdrawn the plea offer in light of intervening circumstances, or that, assuming the plea offer would have been presented to the court, the court would have accepted its terms.[1] If the trial court finds on remand that Walker failed to show prejudice, then the sentence Walker received at trial is affirmed. If the trial court concludes on remand that the prejudice prong was established under the *Lafler* standard, then the court must address the proper remedy.

---

[1] The trial court is not required to accept a plea agreement between the state and the defendant. *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851) (1980); *Morrison v. State*, 276 Ga. 829, 835 n.25 (583 SE2d 873) (2003). Because "[a] plea agreement is, in essence, a contract between a defendant and the State," contract rules may apply to disputes involving plea agreements, although, "[g]iven the unique nature of the agreement, we avoid slavish adherence to civil contract principles." *Brown v. State*, 261 Ga. App. 115, 116-117 (582 SE2d 13) (2003); *Puckett v. U.*S., 556 U.S. 129, 137-139 (129 SCt 1423, 173 LE2d 266) (2009). The State has the authority to withdraw its consent to a negotiated plea and demand a trial "when it learns that the trial court does not intend to follow the [State's] sentencing recommendation." *State v. Kelley*, 298 Ga. 527, 527 (783 SE2d 124) (2016). The State may at anytime withdraw an unaccepted plea offer. *State v. Harper*, 271 Ga. App. 761, 762 (610 SE2d 699) (2005). Moreover, a defendant has no constitutional right to enforcement of a plea agreement withdrawn by the State after the defendant accepts the plea offer but before the defendant performs under the agreement by pleading guilty. *Mabry v. Johnson*, 467 U.S. 504 (104 SCt 2543, 81 LE2d 437) (1984), disapproved on other grounds by *Puckett*, 556 U.S at 138 n.1.

9

The remedy would not be the grant of a new trial; rather, the remedy must address the injury caused by violation of the Sixth Amendment right to effective assistance of counsel during pre-trial plea negotiations "while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Lafler*, 566 U.S. at 170. Where a defendant declines a plea offer as a result of ineffective assistance of counsel and then receives a greater sentence at trial, the typical case involves "charges that would have been admitted as part of the plea bargain [that] are the same as the charges the defendant was convicted of after trial." Id. at 171. In these circumstances, which were present in Walker's case, the court may exercise its discretion to re-sentence Walker. "[T]he court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between." Id. at 171. Walker has the right to appeal from the trial court's decision on the prejudice prong and any re-sentencing remedy.

*Judgment of conviction affirmed, sentence affirmed on condition, and case remanded. Ellington, P. J., and Rickman, J., concur.*