**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 13, 2022

# In the Court of Appeals of Georgia

A22A0207. SCOTT v. THE STATE.

PINSON, Judge.

Sedarious Scott was convicted of armed robbery and other crimes. He moved for a new trial, arguing that his trial counsel had rendered ineffective assistance by failing to let him know that he could seek a non-negotiated plea during trial after a witness identified him as the perpetrator. The trial court agreed with Scott about the ineffective assistance but decided to consider other remedies instead of granting a new trial. Scott appealed, and this Court affirmed Scott's convictions but concluded that Scott's argument that the ineffective assistance entitled him to a new trial was not yet ripe for appellate review. *Scott v. State*, 357 Ga. App. 289 (850 SE2d 477) (2020) ("*Scott I*"). After the case was remitted, the trial court denied Scott's renewed request

for a new trial as a remedy for his counsel's ineffective assistance, noting that Scott had rejected the court's offer of a non-negotiated plea.

Scott now appeals, contending that the court erred in declining to give him a new trial. But we agree with the trial court that a new trial was not a proper remedy. Scott's injury was a lost chance to have received, possibly, a lesser sentence by pleading guilty before he was convicted by a jury. The trial court's offer of a non-negotiated plea was a remedy properly tailored to that injury. A new trial was not: it would have both given him a significant "windfall" (a chance to be acquitted) and "needlessly squander[ed] the considerable resources the State properly invested in the criminal prosecution." *Lafler v. Cooper*, 566 U. S. 156 (132 SCt 1376, 182 LE2d 398) (2012). The court therefore did not err in offering a non-negotiated plea rather than granting a new trial, and so we affirm.

## Background

Scott was convicted by a jury of two counts of armed robbery, three counts of aggravated assault, possession of a firearm during the commission of a felony, obstruction, and possession of a firearm by a convicted felon.[1] The trial court

---

[1] For a discussion of the facts underlying these offenses, see *Scott I*, 357 Ga. App. at 290-91.

sentenced Scott to an aggregate sentence of life plus five years to serve. Scott moved for a new trial, contending that trial counsel rendered ineffective assistance by failing to advise him of the possibility of entering a non-negotiated plea when he expressed a desire to plead guilty after a witness identified him as the perpetrator at trial.

On May 6, 2019, the trial court entered an order rejecting all claims in the motion for new trial except the claim of ineffective assistance . The trial court ruled that Scott's trial counsel performed deficiently when he failed to advise Scott of the option to seek a non-negotiated plea during trial, and that this failure likely contributed to his receiving a harsher sentence after trial than he might have received had he entered such a plea. But the court also concluded that a new trial was not the proper remedy for this error. Instead, the court offered Scott the option of entering a non-negotiated guilty plea at that time "to be put in the same position" as if he had been informed of the option. The trial court then indicated that it would schedule a hearing to determine what relief Scott was seeking and whether such relief was appropriate. On July 30, 2019, the trial court held that hearing. Scott ultimately asked for an out-of-time appeal, which the trial court granted.

On July 31, 2019, Scott filed his notice of appeal in *Scott I*, 357 Ga. App. at 289.[2] On appeal, Scott claimed that the trial court erred by (1) admitting evidence of a prior crime and (2) failing to grant him a new trial after determining that his trial counsel rendered ineffective assistance. This Court affirmed Scott's conviction based on our conclusion that admitting the prior crime evidence was harmless error. 357 Ga. App. at 292-95 (1). As for his new-trial claim, we concluded that the issue was not ripe for appellate review on the understanding that the appeal was filed before the trial court conducted the hearing or determined the appropriate remedy. Id. at 295.

After the case was remitted, the trial court entered an order memorializing its denial of Scott's request for a new trial as a remedy for his trial counsel's

---

[2] Although Scott and the trial court appear to characterize Scott's first appeal as an out-of-time appeal, it was a *timely* appeal from the trial court's July 30, 2019, order finalizing its ruling on Scott's motion for new trial. See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise *finally disposing* of the motion") (emphasis supplied). See also *State v. Chapman*, 322 Ga. App. 82, 83 (744 SE2d 77) (2013) ("Pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature") (citation and punctuation omitted); *Doe v. State*, 347 Ga. App. 246, 251 (1) (819 SE2d 58) (2018) (arrestee's pleading, styled as "renewed motion for reconsideration" of motion to seal criminal records was, in substance, a second motion to seal his criminal records, such that notice of appeal was timely filed from the order denying it). So this appeal need not be dismissed under *Cook v. State*, __ Ga. __ (870 SE2d 758) (2022).

ineffectiveness. The trial court noted that the July 30 hearing had taken place and Scott had again rejected the offer to take a non-negotiated plea in favor of filing an appeal. Scott appealed from that order.

Discussion

The trial court ruled that Scott's trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to advise Scott that he could seek a non-negotiated plea during trial.[3] In other words, trial counsel did not tell Scott that he could have simply pleaded guilty and the trial court could have sentenced him then and there, rather than after he was convicted by the jury. So that's what the trial court offered: as a remedy for the Sixth Amendment violation, the trial court gave Scott the opportunity to seek a non-negotiated plea. Scott rejected that offer and maintained that the only proper remedy was a new trial. He contends on appeal that the trial court erred by not granting a new trial.

The remedy for a violation of the Sixth Amendment "should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Lafler v. Cooper*, 566 U. S. at 170 (II) (C) (quoting *United*

---

[3] A guilty plea is "non-negotiated" when there is no agreement between the State and the defendant on the sentence, and the trial court can impose a sentence in its discretion. *Davis v. State*, 317 Ga. App. 157, 157 (1), n.4 (730 SE2d 30) (2012).

*States v. Morrison*, 449 U.S. 361, 364 (101 SCt 665, 66 LEd2d 564) (1981)). Accord

*Hall v. Jackson*, 310 Ga. 714, 724 (2) (b) (854 SE2d 539) (2021) (relying on *Lafler*).

So a properly tailored remedy will "neutralize the taint" of the constitutional violation

without "grant[ing] a windfall to the defendant or needlessly squander[ing] the

considerable resources the State properly invested in the criminal prosecution." Id.

(citing *United States v. Mechanik*, 475 U.S. 66, 72 (106 SCt 938, 89 LEd 2d 50)

(1986) ("The reversal of a conviction entails substantial social costs: it forces jurors,

witnesses, courts, the prosecution, and the defendants to expend further time, energy,

and other resources to repeat a trial that has already once taken place; victims may be

asked to relive their disturbing experiences")).

The trial court here offered just such a remedy. Scott claims that he would have

sought a non-negotiated plea in the middle of trial had trial counsel let Scott know

that he could do that. So his injury was a lost chance to have received, possibly, a

lesser sentence by pleading guilty then, rather than the sentence he received after the

jury convicted him.[4] That injury was properly addressed by the trial court's offer of

---

[4] Because Scott lost the chance to seek only a *non-negotiated* plea, he did not lose a chance to be convicted of fewer or different counts than the ones for which he was convicted after trial (which might have been offered in a negotiated plea). So the remedy here only needed to account for the lost chance for a lesser sentence. See *Lafler,* 566 U. S. at 170-71 (II) (C) (explaining that resentencing alone would redress

6

a non-negotiated plea. By contrast, a new trial would have both given Scott a significant "windfall"—a second chance to be acquitted—and "needlessly squander[ed] the considerable resources the State properly invested in the criminal prosecution." *Lafler,* 566 U. S. at 170 (II) (C). So, unlike the offer to seek a non-negotiated guilty plea, a new trial was not a remedy tailored to Scott's constitutional injury here. See e. g., *Walker v. State*, 341 Ga. App. 742, 745 (801 SE2d 621) (2017) (when a defendant declines a plea offer as the result of ineffective assistance of counsel and then receives a greater sentence at trial, "the proper remedy . . . would not be the grant of a new trial; rather, the remedy must address the injury caused by violation of the Sixth Amendment right to effective assistance of counsel").

Scott suggests that a new trial is the only remedy available to him because the trial court lacked jurisdiction to resentence him under OCGA § 17-10-1 (f). Not so. That statute gives a court the power to correct or reduce a sentence and to suspend or probate all or any part of it "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur

---

the injury caused by a failure to advise about seeking a plea "when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial," because "the sole advantage a defendant would have received under the plea is a lesser sentence").

7

upon affirmance of the judgment after direct appeal, whichever is later." Assuming OCGA § 17-10-1 (f) even applies here, the trial court was acting within its time limits when the court offered Scott the chance to seek a non-negotiated plea. Compare *Rooney v. State*, 318 Ga. App. 385, 386 (734 SE2d 104) (2012). Had Scott taken the court up on its offer, the court would have had discretion to give him the same sentence he received at trial, or a lesser sentence. Cf. *Lafler*, 566 U. S. at 174 (II) (C); *Walker v. State*, 341 Ga. App. 742, 747 (801 SE2d 621) (2017) (When a defendant is not afforded the right to take a pre-trial plea offer due to ineffective assistance of counsel and receives a greater sentence at trial, the trial court may "exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between"). So that remedy was available and, again, properly tailored to his injury. A new trial was not so tailored, and the court therefore properly rejected a new trial as a remedy.[5]

---

[5] We conclude that the trial court did not err regardless of the proper standard of review. That standard would seem to be abuse-of-discretion: the U.S. Supreme Court has described the process of "implementing a remedy" for the violation of the Sixth Amendment under similar circumstances (trial counsel's failure to advise about seeking a plea) as one in which "the trial court must weigh various factors" and "exercise. . . discretion."*Lafler*, 566 U. S. at 171. But even reviewing de novo, as we would normally review the denial of a motion for new trial, *Sarat-Vasquez v. State*,

8

*Judgment affirmed. McFadden, P. J., and Gobeil, J., concur.*

---

350 Ga. App. 322, 323 (1) (829 SE2d 394) (2019), we find no error here.