**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 11, 2024

# In the Court of Appeals of Georgia

A23A1342. THOMAS v. THE STATE.

PIPKIN, Judge.

De'Andre Malik Thomas was charged with malice murder, felony murder, and multiple counts of aggravated assault; he entered a negotiated guilty plea to voluntary manslaughter as a lesser included offense of felony murder. He was sentenced to 20 years, 18 years to be served in confinement and the remainder on probation.[1] After securing an order from a habeas court granting him an out-of-time appeal, the trial court denied his motion to make the habeas court order the order of the plea court. He now appeals from that order. As more fully set forth below, we affirm.

---

[1] The other counts were nolle prosequied.

The procedural history of this case is rather complex. Thomas entered his plea in June 2018. In January 2019, Thomas filed a motion for out-of-time appeal in the plea court based on ineffective assistance of counsel in entering his plea. Because Thomas did not allege any ineffectiveness on the part of counsel that resulted in the failure to timely file a direct appeal from the judgment of conviction entered on his guilty plea, the plea court denied his motion on February 5, 2019. Thomas filed a motion to withdraw his plea[2] outside the term in which it was entered, and the plea court denied this motion in April 2019. Thomas filed another motion for out-of-time appeal in the plea court in December 2019 contending, among other things, that he had not been adequately informed of his appeal rights at the time he entered his plea and that his counsel was ineffective for failing to pursue an appeal on his behalf. Thomas also filed a petition for habeas relief in March 2020.[3]

The plea court granted Thomas' motion for out-of-time appeal on March 16, 2021; the court directed that the order be forwarded to the appropriate office so that

---

[2] The motion to withdraw is not contained in the record on appeal but the plea court recites the facts surrounding the filing of the motion, including the time of filing, in its order denying the motion.

[3] Although the habeas petition is not in the record on appeal, the transcript from the habeas hearing has been made part of the record.

Thomas could be appointed counsel to pursue his appeal. Thereafter, appointed appellate counsel filed a motion to withdraw Thomas' guilty plea.

Meanwhile, the habeas court held a hearing on Thomas' petition on August 25, 2021. During the hearing, the habeas court ruled from the bench that it was dismissing the habeas petition as premature and without prejudice because Thomas had been granted an out-of-time appeal by the plea court. The habeas court also instructed his law clerk to take the necessary steps to secure counsel for Thomas so he could pursue his appeal. Then, on October 5, 2021, the habeas court entered a written order stating that, although it had previously dismissed Thomas' motion for out-of-time appeal as premature, the habeas court was now granting Thomas an out-of-time appeal "to begin the time anew and allow [Thomas] to pursue his appeal." Further, the habeas court directed that a copy of the order be mailed to Thomas, the Superior Court of Bibb County, the Office of Public Defender, and the Chief Judge of the Superior Court of Bibb County. Finally, the order gave Thomas 30 days from the date of the order to "seek his post-conviction remedies," making a new notice of appeal due by November 4, 2021.

On October 25, 2021, a different appointed appellate attorney filed a notice of appearance in the plea court and, referencing the habeas court's order, filed a second

motion to withdraw Thomas' guilty plea. Before the plea court ruled on either motion, the Supreme Court of Georgia issued its decision in *Schoicket v. State*, 312 Ga. 825 (865 SE2d 170) (2021), holding that "a granted motion for out-of-time appeal does not confer a right to file an otherwise-untimely motion to withdraw a guilty plea." Id. at 833 (1).

Several months later, on March 4, 2022, Thomas' first appointed appellate counsel filed yet another motion for out-of-time appeal in the plea court, urging that, in light of the Supreme Court's decision in *Schoicket*, Thomas should be granted another out-of-time appeal. The motion was accompanied by a certified copy of the habeas court's order, which had not yet been filed in the plea court. About two weeks later, counsel filed a "Motion to Make Habeas Court Order for Out-of-Time Appeal the Order of [the Plea] Court." In that motion, counsel explained that, in addition to the habeas court granting Thomas an out-of-time appeal, the court directed that the order "be sent to various personnel in Bibb County including the Superior Court" but that the order had not been made part of the record until March 4, 2022. Based on this, counsel moved the plea court to adopt the habeas court's order granting Thomas an out-of-time appeal so that Thomas could then "exercise his 'unqualified right' to file a Notice of Appeal." Less than a week later, the Supreme Court of Georgia issued

4

its decision in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), eliminating the out-of-time appeal procedure in trial courts; the Court made its holding applicable to "all cases that are currently on direct review or otherwise not yet final." Id at 506 (5). Following *Cook*, on May 25, 2022, the plea court entered an order vacating "this[4] Order Granting Out-of-Time Appeal," and dismissed Thomas' motion for out-of-time appeal.

On September 27, 2022, the plea court held a hearing on Thomas' motion to make the habeas court order the order of the plea court. During the hearing, the plea court questioned whether it had the authority to grant Thomas the right to file an out-of-time appeal in light of the Supreme Court's decision in *Cook* and ultimately denied the motion. Thomas now contends that he should have been allowed to file an out-of-time appeal under these circumstances. We discern no error. Although Thomas could have filed a notice of appeal in the plea court if he had done so within 30 days of the habeas court's order, that is not what happened. Rather, counsel filed a motion to withdraw Thomas' guilty plea and a motion for out-of-time appeal in the plea court,

---

[4] The order does not specify which order the "this" refers to. However, since the trial court later denied Thomas' motion to make the order of the habeas court the order of the plea court, it seems that the "this" refers to the previous order by the plea court granting Thomas an out-of-time appeal.

judicially created mechanisms which were eliminated by *Schoicket* and *Cook*. In the meantime, much more than 30 days – in fact many months – elapsed without Thomas filing a notice of appeal, or anything else, from the habeas court's grant of relief.

The plea court properly determined that it did not have the authority to grant Thomas an out-of-time appeal post-*Cook*. Indeed, because the 30 day deadline had passed for Thomas to file a notice of appeal following the habeas court's order, the effect of the plea court adopting the habeas court's order would be for the plea court to grant Thomas an out-of-time appeal, which the plea court had no authority to do following *Cook*. Accordingly, the plea court properly denied Thomas' motion to make the habeas court order the order of that court, and we affirm. In so holding, however, we express no opinion on whether Thomas might be entitled to further relief in the habeas court. See *Allen v. Daker*, 311 Ga. 485, 505 (4) (858 SE2d 731) (2021); *Hall v. Jackson*, 310 Ga. 714, 724-725 (2) (b) (854 SE2d 539) (2021). But see OCGA § 9-14-42 (c) (providing that a habeas petition must be filed within four years of certain specified circumstances in felony cases).

*Judgment affirmed. Dillard, P. J., and Rickman, J., concur.*