# Court of Appeals
# of the State of Georgia

ATLANTA,   September 12, 2024

*The Court of Appeals hereby passes the following order:*

A24A1634. WASEEM DAKER v. THE STATE.

In 1996, a jury found Waseem Daker guilty of two counts of aggravated stalking, and the trial court sentenced him to ten years in prison.[1] We affirmed the judgment on direct appeal. *Daker v. State*, 243 Ga. App. 848 (533 SE2d 393) (2000). In 2012, Daker filed a motion for an out-of-time appeal, which the trial court denied. Daker appealed, but we dismissed the appeal for lack of jurisdiction. See Case No. A19A0610 (Nov. 9, 2018). In 2021, Daker filed another pro se motion for an out-of-time appeal, arguing that he was entitled to a second direct appeal because he had proceeded pro se in his first direct appeal without validly waiving his right to appellate counsel. The trial court dismissed the motion, concluding, among other things, that Daker had already had a direct appeal and was not entitled to a second one. Daker filed a notice of appeal from the dismissal.[2] We, however, lack jurisdiction.

As an initial matter, our dismissal of Daker's previous appeal from the dismissal of his 2012 motion for out-of-time appeal renders this appeal barred by the law of the case. See Case No. A19A0610. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court,"

---

[1] Daker is serving a prison sentence of life plus 47 and one-half years following his conviction for murder in a separate proceeding. See *Daker v. State*, 300 Ga. 74, 74, n. 1 (792 SE2d 382) (2016).

[2] Daker directed his notice of appeal to the Supreme Court of Georgia, which transferred the matter to this Court. See Case No. S24A0822 (Apr. 30, 2024).

and it matters not that the dismissal of the previous appeal did not reach the merits of the claim "because the dismissal, nevertheless, constitutes binding law of the case." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citation and punctuation omitted). See also *Hicks v. McGee*, 289 Ga. 573, 577-578 (2) (713 SE2d 841) (2011) ("Under the 'law of the case' rule, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals, as the case may be[.]") (citation and punctuation omitted).

Additionally, as Daker acknowledges, an out-of-time appeal is no longer an available remedy from a trial court. See *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022).[3] However, Daker contends that the trial court should have construed his 2021 motion for an out-of-time appeal as a petition for habeas corpus under *Waye v. State*, 239 Ga. 871, 873-875 (1) (238 SE2d 923) (1977), and *Moss v. State*, 255 Ga. App. 107 (564 SE2d 516) (2002), and that we should remand the case for the trial court to do so. However, Daker has already pursued habeas as a remedy in this case, and his conviction was affirmed. See *Daker v. Williams*, 279 Ga. 782 (621 SE2d 449) (2005). Thus, even if his 2021 motion for out-of-time appeal had been construed as a habeas petition, he has waived any claims he did not raise in his previous habeas petition, and a subsequent habeas petition could only be considered under limited circumstances that do not apply here.[4]

---

[3] Daker asks us to vacate the trial court's order and remand the case with instructions to the court to dismiss the motion, to the extent it sought an out-of-time appeal, for lack of jurisdiction under *Cook*. We decline to do so, as the trial court has already dismissed the motion.

[4] See OCGA § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.").

Daker argues that *Allen v. Daker*, 311 Ga. 485, 503 (858 SE2d 731) (2021), constitutes a change in the law in his favor, entitling him to raise a new claim in a subsequent habeas petition. In *Allen v. Daker*, the Supreme Court held that the habeas court did not err by concluding that Daker did not validly waive his right to appellate counsel in his 2012 murder case, and Daker was entitled to a second, out-of-time direct appeal in that case. Id. at 504-505 (4). According to Daker, the "change in the law" in *Allen v. Daker*, as well as *Hall v. Jackson*, 310 Ga. 714 (854 SE2d 539) (2021), was that a second, out-of-time direct appeal was now allowed. However, those cases did not change the law; instead, they involved defendants who were entitled to habeas relief in the form of a second, out-of-time direct appeal, which relief was then available. See *Trauth v. State*, 295 Ga. 874, 876-877 (1) (763 SE2d 854) (2014) (holding that, because indigent defendant was improperly denied appointed counsel for his direct appeal, he was entitled to habeas relief in the form of a second, out-of-time direct appeal). In other words, Daker could have raised the denial-of-appellate-counsel issue he now seeks to raise when he filed his first habeas petition in this case. Therefore, he has waived the claim. See OCGA § 9-14-51.

For these reasons, this appeal is DISMISSED for lack of jurisdiction. Daker's motions for extension of time to file a reply brief, for non-consideration of the State's brief, for copies of the record and transcripts, and for a copy of the State's brief are DENIED AS MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/12/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*